# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DARIEN RODRIGUEZ LOBAINA**                                    **PETITIONER**

**V.**                                                    Cause No. 3:17-cv-325-WHB-JCG

**WARDEN LARRY SHULTS**                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Darien Rodriguez Lobaina for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Respondent Warden Larry Shults filed a Response (ECF No. 11) and Memorandum (ECF No. 12), and Petitioner did not file a reply. Petitioner did not respond to the Court's Order to Show Cause (ECF No. 13), which ordered him to show cause why the Petition should not be dismissed because it had been rendered moot by his release from custody. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that the Petition for Writ of Habeas Corpus be DENIED because it is moot and because Petitioner has failed to prosecute and obey orders of the Court.

BACKGROUND

At the time he filed the Petition on May 3, 2017, Lobaina was a postconviction federal inmate housed at the Federal Correctional Complex in Yazoo City, Mississippi. In the Petition, Lobaina sought immediate release from custody due to an alleged miscalculation of his sentence. Warden Shults filed a Response on

July 27, 2017, asserting that Lobaina's sentence was not miscalculated. Lobaina did not file a reply.

According to the Federal Bureau of Prison's web site, Lobaina was released from federal custody on December 20, 2017.[1] Lobaina has not filed a change of address since that time, although he did file a change of address to a free-world address in Miami, Florida, on July 5, 2017.

The Court issued an Order to Show Cause on May 25, 2018, requiring Lobaina to show cause why his Petition should not be dismissed because it had been rendered moot due to his release from custody. The Court further ordered Lobaina to show cause why the Petition should not be dismissed because he had failed to keep the Court apprised of his current address. Lobaina was warned that if he failed to file a timely response to the Order to Show Cause, the Petition would be subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b) and under the Court's inherent authority to dismiss the action *sua sponte*.

The Order to Show Cause was mailed by certified mail to Lobaina's last known address in Miami. The Order to Show Cause was received at this address and signed for on May 29, 2018. (ECF No. 14). Despite almost four months having passed since that time, Lobaina has not responded to the Order to Show Cause.

---

[1] http://www.bop.gov/inmateloc

ANALYSIS

Lobaina's Petition is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.,* 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of the writ [filed pursuant to § 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (citations omitted).

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987) (finding §2241 petition moot where prisoner who asked to be released from confinement was released from confinement)); *see United States ex rel. Lynn v. Downer,* 322 U.S. 756, 756 (1944) (finding petition for writ of certiorari moot where petitioner was no longer in respondent's custody); *Salinas v. U.S. Marshals Serv.,* 111 F. App'x 782, 783 (5th Cir. 2004) ("because [petitioner] has already been released from federal custody, there is no relief this court can grant . . .").

Lobaina has been released from custody and has apparently abandoned this action. Lobaina's request that the Court order him to be immediately released has been rendered moot. Moreover, this case exemplifies the type of action that warrants dismissal under Federal Rule of Civil Procedure 41(b) and the Court's

3

inherent authority for failure to prosecute. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). Lobaina did not respond to the Order to Show Cause, despite being ordered to do so, and despite over four months having passed. Lobaina has not filed a change of address, filed a pleading, or otherwise corresponded with the Court since his release from custody.

## RECOMMENDATION

It is recommended that Lobaina's Petition under 28 U.S.C. § 2241 for writ of habeas corpus be DENIED because it is moot and Lobaina has failed to prosecute and obey orders of the Court.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Role 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk of Court any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Judge need consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the

District Court to which he did not object. *Douglass v. United Services Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 24th day of September, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE